UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE HUNG HA

Case No. 13-mc-80187-JST

**PRE-FILING REVIEW OF COMPLAINT**

Plaintiff Hung Ha filed this action on August 26, 2013, *pro se* against Defendants Boornazian, Jensen & Garthe, Barbara J. Parker, Alameda County, the City of Oakland, and this Court. The Complaint explains Plaintiff's claims as follows:

> This class action is a taxpayer's action under California procedural law (CCP section 526a) and federal procedural law, and also a citizen suit under California law in conjunction with Supplemental Jurisdiction 28 USC section 1367. It seeks to restraint, prevent illegal, unauthorized acts of Alameda County, City of Oakland, and (where applicable) State of California from illegally spending over one million dollars of tax revenues on the so-called "settlement" of Spalding et al v. City of Oakland, et al., and to restraint or prevent (if feasible) the illegal, unauthorized acts of members of this courts assistants from spending the financial resources of this Court in adjudication and administration of Spalding case. This action also seeks to compel Alameda County, City of Oakland, and (where applicable) State of California to perform their duty to move for dismissal of Spalding case, in either its entirety or in part, and/or remove Spalding case from federal court to a Superior Court of California.

Compl., ECF No. 1 at 1.

Plaintiff was declared a vexatious litigant by Magistrate Judge Larson on July 29, 2010. Ha v. U.S. Atty. Gen., No. 09-cv-5281-JL, 2010 WL 3001224 (N.D. Cal. July 29, 2010). Judge Larson ordered that "any future civil pro se filing by Plaintiff in this district shall be subject to pre-filing review by a judge of this Court."[1] Id. at *5. That order was affirmed on appeal. Ha v. U.S.

---

[1] Plaintiff was also declared a vexatious litigant in Alameda County Superior Court on January 24,

1  Atty. Gen., No. 10-16506, ECF No. 38 (9th Cir. June 27, 2011). Consistent with Judge Larson's Order, this Court must consider whether Plaintiff's proposed complaint is frivolous. "[A] frivolous claim is one that lacks an arguable basis in either law or fact." Hung Ha v. New York City Hous. Auth., No. 11-misc-80020-PJH, 2011 WL 704425, at *1 (N.D. Cal. Feb. 18, 2011) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989) (finding previous complaint filed by Plaintiff Hung Ha frivolous)).

The claims set out in Plaintiff's ninety-one page complaint are difficult to discern, but to the extent the Court understands them, they lack an arguable basis in law or fact. Generally speaking, Plaintiff seeks to undo the class action settlement reached in Spalding v. City of Oakland, No. 11-cv-2867-TEH.[2] Plaintiff's prayer for relief seeks invalidation of the settlement, decertification of the class, an order directing Judge Henderson not to approve the settlement or award attorneys' fees, and an order dismissing the Spalding complaint. Plaintiff also seeks sanctions against the named plaintiffs in the Spalding case. These claims are without basis, because (1) the undersigned has no power to take any direct action in the Spalding case, which is assigned to Judge Henderson; (2) the undersigned has no power to review Judge Henderson's decisions, because one district court judge is not empowered to review the decisions of another district court judge; and (3) each of Plaintiff's claims aimed at undoing the settlement is moot, as Judge Henderson granted final approval of that settlement on September 9, 2013. Id., ECF No. 99.

As for Plaintiff's claim for injunctive relief against the City of Oakland enjoining it from "illegally spending over one million dollars of tax revenues on the so-called 'settlement,'" Plaintiff does not assert any legally cognizable basis for enjoining the City of Oakland from complying with the terms of the Spalding settlement.

---

2005. Id. at *1.

[2] This is not the first time Plaintiff has filed a complaint in this Court in an attempt to enjoin another court from exercising its lawful judicial duties. See Ha v. Burr, No. 07-cv-04699-SI, 2007 WL 4532212, at *2 (N.D. Cal. Dec. 19, 2007) ("To the extent plaintiff seeks review of a state court order, the Court informs plaintiff once again that he may not file suit in federal court as an alternative to appeal from a judgment of a state court.").

1 Plaintiff's claims against "members of this courts assistants" to restrain them "from
2 spending the financial resources of this Court in adjudication and administration of Spalding case"
3 are moot for the same reason. Moreover, the Court is unaware of any authority that would permit
4 one judge of this court from ordering court staff not to administer a case presided over by another
5 judge. Thirdly, to the extent Plaintiff can be understood to seek money damages for this claim,
6 judges and court clerks are absolutely immune from civil liability for damages for acts performed
7 in their judicial capacity. Pierson v. Ray, 386 U.S. 547, 553–55 (1967).

8 Finally, even if Plaintiff's claims were not moot, and even there were some basis in law for
9 the claims, Plaintiff has failed to establish that he has taxpayer standing to bring the claims, as he
10 contends.[3] See, e.g., Hein v. Freedom From Religion Found., Inc., 551 U.S. 587, 593 (2007)
11 (discussing "narrow exception" to "general rule against federal taxpayer standing" in
12 Establishment Clause cases). Plaintiff has not alleged "the kind of redressable 'personal injury'
13 required for Article III standing." Id. at 599.

14 Because Plaintiff's proposed complaint is frivolous and fails to state a claim upon which
15 relief can be granted, leave to file the proposed complaint is hereby DENIED.

16 **IT IS SO ORDERED.**

17 Dated: November 20, 2013

_____
JON S. TIGAR
United States District Judge

---

[3] Plaintiff does not identify any other grounds for Article III standing.

3